IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eddie James Pilcher, Jr., | ) | C/A 2:13-cv-2528-DCN-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Larry Cartledge, Warden; Megan Harris, | ) | **Report and Recommendation** |
| CCCIV; and Ms. Johnson, IGC, in their | ) | |
| official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This civil rights action brought pursuant to 42 U.S.C. § 1983[1] brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the Defendants' motion for summary judgment filed on May 2, 2014. (Doc. 42). 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. .

The Plaintiff, Eddie James Pilcher, Jr., #303616, is presently confined at the Lee Correctional Institutional Institution (LCI), a facility of the South Carolina Department of Corrections (SCDC).  At the time of the events at issue, Pilcher was housed at Perry

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

1

Correctional Institution (PCI).

Defendant Larry Cartledge is the PCI Warden, Defendant Megan Harris is the Mental Health Counselor at PCI, and Defendant Ms. Johnson is the Inmate Grievance co-ordinator at PCI. They are sued in their individual and official capacities. Pilcher sought injunctive relief and damages.

In December 2012, Pilcher alleged that he was placed on crisis intervention ("CI") because he "felt like harming [him]self." Plaintiff stated that his property and clothing were taken and he was placed in a cell for 72 hours. He alleged he was given a blanket at one point during the intervention when it was determined that he was not in a state of "mental derangement." Plaintiff claimed that during the intervention he was not given any toilet tissue. (Dkt. 1 Complaint).

When he was released from CI seventy-two (72) hours later, he claimed that he filed a Step One grievance, PCI 00-34-3, with Defendant Johnson, in which he complained about the conditions of confinement while on CI. Johnson forwarded the grievance to the Warden, who denied the grievance. When the grievance was returned to Pilcher he checked the box which indicated that he did not accept the Warden's decision and wished to appeal the denial. In his verified complaint Pilcher wrote that he did file a Step 2 appeal of the Warden's denial, but, "It appears that my Grievance Coordinator, Ms. Johnson trashed my grievance. ... Furthermore, I filed my Step 2 grievance on 1/24/13 but it 'came up missing.' Somebody trashed it." (Dkt. 1 Complaint).

On May 5, 2014, Pilcher was provided a copy of the Defendants' motion and was given an explanation of dismissal and summary judgment procedure, as well as

2

pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975).  On May 15, 2014, Pilcher filed an opposition to the motion with his own affidavit and exhibits.  The case was reassigned to the undersigned on June 5, 2014.  Hence it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to FED.R.CIV.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. FED.R.CIV.P. 56(c).

To avoid summary judgment on the Defendants' motion, a Plaintiff must produce evidence creating a genuine issue of material fact.  "The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. FED.R.CIV.P. 56(e). See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

3

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255, 106 S.Ct. at 2513–14.  In addition, genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice.  A trial is not an entitlement; it exists to resolve what reasonable minds would recognize as real factual disputes. See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants pled the affirmative defense of failure to exhaust prison administrative remedies as a bar to this action and moved for summary judgment on that basis, among others. (Dkt. 30 Answer to Amended Complaint.)  They also filed the affidavits of Inmate Grievance Branch Chief Ann Hallman, Warden Larry Cartledge, former Inmate Grievance Coordinator C. Johnson and Counselor Megan Harris in support of their motion.  It appears the Defendants are correct and are entitled to have the case dismissed without prejudice on that basis.

The Prison Litigation Reform Act's (PLRA) exhaustion requirement, 42 U.S.C.1997e(a), requires that a prisoner exhaust the available administrative remedies before filing a Section 1983 action concerning conditions of his confinement. 42 U.S.C.1997e(a).  In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended § 1997(e) so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

4

administrative remedies as are available are exhausted." Id. § 1997e(a).

Accordingly, before a Plaintiff may proceed with his claims in this Court, he or she must first exhaust all administrative remedies available through the SCDC grievance process.  The United States Supreme Court has held that, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) (exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) (exhaustion required even though plaintiff claimed he was afraid).  In short, a failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81,548 U.S. 81, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).

Here, Defendants concede that there is a prisoner grievance procedure at PCI. In order to exhaust administrative remedies, an inmate must fill out a Form 10-5 (Step 1 Grievance form) within fifteen days of the alleged incident of which the inmate complains.  Plaintiff must also file a Form 10-5a (Step 2 Appeal) after receiving a response to the Step 1 grievance. Harden v. SCDC, No. 8:07-0009-MBS, 2007 WL 675632 (D.S.C. Feb. 28, 2007); Batty v. West, No. 4:06-2835-DCN-TER, 2007 WL 1485860 (D.S.C. May 17, 2007).

The Defendants have submitted the affidavit of Inmate Grievance Branch Chief, Ann Hallman, on the issue of exhaustion.  Hallman states that Inmate Grievance Coordinators are trained to perform their duties in accordance with GA-01.12, Inmate

5

Grievance System Policy and Procedures. (Hallman Aff ¶ 2). Pilcher submitted Grievance # PCI-0034-13 which was received on January 4, 2013. (Hallman Aff ¶ 3). Plaintiff received a Warden's Response to his grievance on January 24, 2013. (Hallman Aff ¶ 3). Pilcher, however, did not file a Step 2 Appeal of this grievance. (Hallman Aff ¶ 3). (A copy of Grievance # PCI-0034-13 is attached to Hallman's affidavit as ExhibitA.)

Pilcher also submitted Grievance # PCI-0037-13 which was received on January 4, 2013. (Hallman Aff ¶ 4). This grievance was identical to Grievance # PCI-0034-13 and was returned unprocessed pursuant to policy which provides "inmates will only be allowed to submit one grievance per incident or circumstance." (Hallman Aff ¶ 4). (A copy of Grievance # PCI-0037-13 is attached to Hallman's affidavit as Exhibit B.).

The SCDC Grievance System utilizes checks and balances to make sure that grievances placed into the grievance boxes are entered into the system and investigated. (Hallman Aff ¶ 5). Per prison policy, the Warden designates a person to pick up grievances on a daily basis during normal working hours. (Hallman Aff ¶ 6). Grievances picked up by that designated employee are not given to the Inmate Grievance Coordinator until the grievances are entered into the automated system (Hallman Aff ¶ 6). The person designated by the Warden must be employed outside the Inmate Grievance Branch. (Hallman Aff ¶ 6).

Hallman averred that she received a Request to Staff from the Plaintiff dated May 6, 2013. (Hallman Aff ¶ 7). The Plaintiff asserted in that Request to Staff that he had filed a Step 2 for Grievance # PCI-0034-13 (Hallman Aff ¶ 7). Hallman advised the Plaintiff that there was no record of a Step 2 Appeal filed. (Hallman Aff ¶ 7). ( A copy of the Request to Staff form was attached to Hallman's affidavit as Exhibit C.).

6

The Defendants also filed the affidavit of former Inmate Grievance Coordinator, Defendant C. Johnson. (Johnson Aff ¶ 1). Johnson averred that she always fulfilled her duties in accordance with the SCDC Policy and the training she received. (Johnson Aff ¶ 2). Johnson denied interfering with, delaying, or destroying any grievance filed by any inmate. (Johnson Aff ¶ 3). Johnson also stated that an employee designated by the Warden, not assigned to the Inmate Grievance Branch, picks up grievances from the Special Management Unit on regular scheduled work days Monday through Friday, excluding approved holidays. (Johnson Aff ¶ 4). Grievances are placed by the inmate into a locked grievance box. (Johnson Aff ¶ 4). The designated employee retrieves the grievances and enters them into the automated system. (Johnson Aff ¶ 4). The Inmate Grievance Coordinator does not retrieve the grievance(s) from the designated inmate area nor would he/she be able to delay or destroy a grievance (Johnson Aff ¶ 5). The date entered would be noted in the system. (Johnson Aff ¶ 5). This system is in place to prevent any question as to improper activities by anyone within the Inmate Grievance Branch concerning the submission by an inmate of a grievance or appeal from a Step 1 grievance. (Johnson Aff ¶ 6).

Pilcher's affidavit merely indicated in a wholly conclusory manner that his grievance got "lost" or "stolen," and that "it appears my grievance coordinator Ms. Johnson trashed it." (Dkt. 30 Amended Complaint). Such wholly speculative assertions as Plaintiff's here will not suffice in the face of a well-supported summary judgment motion. A trial is not an entitlement; it exists to resolve what reasonable minds would recognize as real factual disputes. See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980). No such disputes are present in the instant case.

7

It is undisputed that Pilcher did not exhaust his administrative remedies as required by the PLRA and that the Defendants have borne their burden to plead and prove the same.  Therefore, the Defendants are correct in asserting that this case cannot be brought until all relevant grievances have been properly administratively exhausted within the meaning of the PLRA.. The matter should be dismissed without prejudice.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that Defendants motion for summary judgment be granted and the action be dismissed without prejudice to refiling after Pilcher's administrative remedies are properly exhausted.

**IT IS SO RECOMMENDED**.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 26, 2014

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).